**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| AMERICAN AIRLINES, INC., <br><br> Plaintiff, <br><br> v. <br><br> KARYN A. TEMPLE, in her official capacity as Acting Register of Copyrights, <br><br> Defendant. | Case No.: _____ |

## COMPLAINT

Plaintiff American Airlines, Inc. ("American Airlines") for its complaint against Karyn A. Temple, the Acting Register of Copyrights, hereby alleges upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

## INTRODUCTION

1. American Airlines brings this action seeking judicial review of the United States Copyright Office's (the "Copyright Office") decision denying American Airlines' copyright registration application for its corporate logo—a decision that the Copyright Office itself has said that it regrets. That undoubtedly is because the Copyright Office recognizes, in hindsight, that American Airlines' logo—a complex, multi-layered composition incorporating distinct images as well as unique concepts of negative space—possesses far more than the modicum of creativity required for copyright protection.

2. American Airlines first introduced its new logo, named the Flight Symbol, in 2013, as part of American Airlines' major rebranding effort following its merger with US Airways. American Airlines expended significant time and money creating the Flight Symbol,

enlisting the help of one of the most respected, forward-thinking design agencies in the country. Upon its introduction, the Flight Symbol generated significant buzz, not only from members of the airline industry, but also from members and commentators in the field of graphic design. The Flight Symbol now features prominently in every facet of American Airlines' business.

3. To protect the integrity of the Flight Symbol (as well as the significant effort that went into creating it), American Airlines sought to register its copyright in the Flight Symbol with the Copyright Office in 2016. Given the unique design of the Flight Symbol, American Airlines fully expected that the Copyright Office would accept its application and register the Flight Symbol without controversy. To American Airlines' surprise, however, the Copyright Office refused. The Copyright Office then denied American Airlines' two motions for reconsideration, quipping: "while the bar for creativity is low, it does exist and the Work cannot glide over even its low heights."

4. American Airlines respectfully submits that the Copyright Office's refusal to register the Flight Symbol was arbitrary, capricious and, as such, an abuse of discretion that violated American Airlines' rights under the Copyright Act. American Airlines' Flight Symbol easily possesses the modicum of creativity necessary to qualify for copyright protection; indeed, as discussed below, the Copyright Office has registered multiple designs that do not approach the creativity and uniqueness embodied in the Flight Symbol. As a result of the Copyright Office's decision, American Airlines has been injured and denied the benefits to which it is entitled under the Copyright Act and other federal law. American Airlines has exhausted its administrative remedies with respect to the registration of the Flight Symbol. Accordingly, pursuant to the Administrative Procedure Act (5 U.S.C. § 701 *et seq.*), American Airlines brings this action against Karyn A. Temple, as the acting Register of Copyrights, to obtain judicial review of the

Copyright Office's actions and vacate the Copyright Office's decision to refuse registration of the Flight Symbol.

5. American Airlines does not take lightly its decision to challenge the Copyright Office's determination. To be sure, American Airlines fully appreciates that the Copyright Office performs an incredibly valuable—and difficult—function for this country, sorting through hundreds of thousands of creative works to determine which warrant copyright protection. And in most cases, the Copyright Office's decisions are consistent and well-reasoned. But even the Copyright Office acts arbitrarily on occasion, and this is one such occasion.

## JURISDICTION AND VENUE

6. This is an action for judicial review of the Copyright Office's refusal to register the Flight Symbol arising under the Administrative Procedure Act (5 U.S.C. §§ 701-706).

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1346(a)(2).

8. Venue is proper in this Court based on 28 U.S.C. § 1391(e) because American Airlines resides in this district.

## THE PARTIES

9. Plaintiff American Airlines, Inc. is a Delaware Corporation with its principal place of business in Fort Worth, Texas. Together with its affiliates and subsidiaries, American Airlines provides scheduled air transportation for passengers and cargo, with an average of nearly 6,700 flights per day to nearly 350 destinations in more than 50 countries, and maintains hubs in Dallas/Fort Worth, as well as Charlotte, Chicago, Los Angeles, Miami, New York, Philadelphia, Phoenix, and Washington, D.C.

10. Defendant Karyn A. Temple is the acting Register of Copyrights and Director of the United States Copyright Office, having her principal place of business at 101 Independence

Avenue, S.E., Washington, D.C. 20559. Defendant Temple supervises and is in charge of the employees in the Copyright Office that review and make registration determinations regarding the copyright claims submitted to the Copyright Office.

## **ALLEGATIONS**

11. American Airlines is one of the oldest and largest operators of air transportation in the United States and around the world. Since 1968, American Airlines operated under a distinct corporate logo consisting of two "A" letters arranged side-by-side with a stylized depiction of an eagle above them. This simple but celebrated design was American Airlines' logo for more than forty years:



12. In 2012, in part due to its merger with US Airways and the significant upgrades it was making to its business, American Airlines embarked on a major rebranding effort. As part of that effort, American Airlines updated numerous aspects of its business, ranging from the design of its aircraft to the interiors of its airport lounges. More importantly for present purposes, American Airlines also decided to redesign its corporate logo.

13. To create a new logo, American Airlines engaged the help of Futurebrand, an award-winning design agency. Over a period of more than two years, Futurebrand and American Airlines worked tirelessly together to perfect the new corporate logo, one that would pay homage to American Airlines' history as well as its passion for progress.

14. In 2013, American Airlines unveiled its new corporate logo, named the Flight Symbol, to the public:



15. A significant departure from American Airlines' 1968 logo, the Flight Symbol is a multi-layered composition of four distinct images that incorporates classic symbols associated with American Airlines while also expressing American Airlines' dedication to progress.

16. The first, and most noticeable, image contained in the Flight Symbol is of an aircraft's tail assembly. The tail assembly is colored in gradual shades of red and blue, which gives the image the impression of depth and movement. At its center, a depiction of an eagle's head curls over the tail assembly. This sleek depiction of the eagle is white and is also shaded from light to dark, introducing the concept of flight into the design. The images of the tail assembly and eagle then come together to form the right half of a letter "A," representing American Airlines. Finally, the negative space created by each of these three images forms a fourth image—the right side of a star, an image long associated with American Airlines.

17. Upon its release, the Flight Symbol generated significant interest and discussion among commentators in both the airline industry as well as the field of graphic design. Indeed,

many graphic designers praised the Flight Symbol's forward-thinking design. Below are just a few examples of commentators' reactions to the Flight Symbol:

- "Obviously, the new logo is an abstraction of an eagle in flight, which I think is extremely well done. It's subtle and sleek. If you're comfortable in analyzing negative space, the uppercase 'A' is a nice little surprise once you get your brain to see it."

- "The result is astounding . . . . The mark, known internally as the Flight Symbol, deftly manages to honor American's design history and, at the same time, convey a stark, confident modernity which stands among the best symbols anywhere. It does much with very little, in a straightforward way which feels so American."

- The Flight Symbol "bring[s] together all aspects of former American Airlines Logos. The color scheme is refreshed as well; reflecting a more modern and welcoming American Airlines. It brings together things that people believe not only represent American, but America in general."

- "One word: WOW."[1]

18. In fact, Futurebrand ultimately won a CLIO award—the most prestigious award in the industry—in Corporate Identity Design for its work on American Airlines' rebranding effort, including designing the Flight Symbol. This was the first time the CLIO had ever been awarded to an airline brand.

19. Since 2013, American Airlines has used the Flight Symbol prominently in all facets of its business. The Flight Symbol appears not only on American Airlines' aircraft, but also in promotional materials, safety videos, and even on American Airlines credit cards. As the public increasingly came to recognize the Flight Symbol as the new hallmark of American

---

[1] "Check Out the New American Airlines Logo," Designshack.com, https://designshack.net/articles/graphics/check-out-the-new-american-airlines-logo/ (accessed October 9, 2018); "My Kind of American Exceptionalism," Underconsideration.com, https://www.underconsideration.com/brandnew/archives/my_kind_of_american_exceptionalism.php (accessed October 9, 2018); "The New American: A Rebranding Case Study," Ideasbig.com, https://www.ideasbig.com/blog/american-airlines-rebranding-case-study/ (accessed October 9, 2018); "Here's the New Look American Airlines Launched Today," Skift.com, https://skift.com/2013/01/17/american-airlines-redesign-launching-today/ (accessed October 9, 2018).

Airlines' business, American Airlines decided to register its copyright in the Flight Symbol with the Copyright Office.

### A.   Copyright protection only requires a "minimal degree of creativity."

20.   The Copyright Office is a part of the Library of Congress and performs several critical functions related to copyrights and copyright protection in the United States.  Among other functions, the Copyright Office provides assistance to Congress on copyright policy and interpretation of the copyright law; provides drafting support, including analysis and assistance for copyright legislation and legislative reports; undertakes studies and public roundtables for Congress; and offers advice on compliance with treaties and trade agreements.

21.   But perhaps the function for which the Copyright Office is best known is administering the copyright registry on behalf of the United States.  As part of that function, the Copyright Office is responsible for examining applications to register "works" for copyright protection to determine whether they satisfy the statutory requirements for registrability—including copyrightability—and otherwise comply with the Copyright Office's regulations.  Based on its examination, the Copyright Office then either registers or refuses to register the claims.

22.   Registration of copyright claims is an essential component of the copyright protection framework under the Copyright Act because it creates a public record that includes key facts relating to the authorship and ownership of the claimed work.  As such, the Copyright Act encourages owners of copyrighted works to seek prompt registration by conditioning numerous benefits on proper registration, such as:

- Registration (or a refusal to register) by the Copyright Office is a prerequisite to filing a lawsuit for copyright infringement.

- Timely registration constitutes *prima facie* evidence of the validity of the copyright and the facts contained in the certificate of registration.

7

- Registration allows the copyright holder to seek statutory damages and recover its attorneys' fees and costs in an action for infringement.

23. Securing copyright protection in the United States is not meant to be difficult. Rather, copyright protection is available to any work, provided that it is in a fixed medium, is original, and is a "work of authorship," that is, it demonstrates a "minimal degree of creativity." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). In *Feist*, the Supreme Court emphasized that the level of creativity required for copyright protection is "extremely low," and "even a slight amount [of creativity] will suffice." *Id*. "The vast majority of works make the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or obvious' it might be." *Id*.

24. Given this low bar, the Copyright Office has registered millions of copyright claims since its inception, and typically registers more than half a million copyright claims each year. Indeed, in the fiscal year 2016—the year American Airlines first sought registration of the Flight Symbol—the Copyright Office registered approximately 414,000 copyrighted works.

**B.    The Copyright Office rejects American Airlines' application.**

25. On June 3, 2016, American Airlines filed an application with the Copyright Office to register the Flight Symbol.

26. The Copyright Office, however, denied American Airlines' application and refused to register the Flight Symbol. In its refusal, the Copyright Office did not dispute that the Flight Symbol was an original work contained in a fixed medium. Instead, by letter dated October 4, 2016, the Copyright Office informed American Airlines that the Flight Symbol did not qualify for copyright protection because it "lacks the authorship necessary to support a copyright claim." Notwithstanding that only a "minimal degree of creativity" is required for

8

copyright protection, according to the Copyright Office, the Flight Symbol was not "sufficient[ly] creative" to satisfy this requirement.

27. On December 20, 2016, American Airlines submitted its first request for reconsideration to the Copyright Office. In that letter, American Airlines argued that the Flight Symbol exceeded the extremely low level of creativity required to constitute a "work of authorship" and sustain a copyright claim. In particular, American Airlines argued that the Flight Symbol contains the "minimal degree" of requisite creativity based upon, among other factors, its unique, non-typical, stylistic, multi-graphical design elements. American Airlines again urged the Copyright Office to register its copyright claim in the Flight Symbol.

28. On April 12, 2017, the Copyright Office informed American Airlines that it was again refusing to register the Flight Symbol. Despite acknowledging that "even a slight amount of original authorship will suffice" to warrant copyright registration, the Copyright Office nevertheless concluded that the Flight Symbol did not contain a "sufficient amount" of creativity to warrant copyright protection. According to the Copyright Office: "Combining a few common shapes [resulted in] a basic, garden-variety logo configuration that demonstrate[d] insufficient creativity to support a claim to copyright."

29. On July 11, 2017, American Airlines submitted its second request for reconsideration to the Copyright Office, again arguing that the Flight Symbol far exceeds the low level of creativity required to support a copyright registration. American Airlines pointed out that the Copyright Office's refusal to register the Flight Symbol was contrary to prevailing law, and inconsistent with the Copyright Office's *Compendium of U.S. Copyright Office Practices*, which is the administrative manual of the Register of Copyrights that provides instruction to agency staff regarding their statutory duties.

30.     By letter dated January 8, 2018, the Review Board of the United States Copyright Office (the "Board") informed American Airlines that it would not reconsider the decision to deny copyright protection to the Flight Symbol.  In that letter, the Board acknowledged numerous creative aspects of the Flight Symbol—for instance, describing it as "reminiscent of an airplane's tail" with "an abstraction of a bird's head."  Nevertheless, the Board concluded that the Flight Symbol was merely "comprised of basic geometric shapes" and, as such, "falls below the threshold level of creativity required by the Copyright Act."  As the Board stated, "while the bar for creativity is low, it does exist and the Work cannot glide over even its low heights."

**C.     The Copyright Office's refusal to register the Flight Symbol was arbitrary and contrary to law.**

31.     American Airlines respectfully submits that the Copyright Office's denial of American Airlines' registration flies in the face of governing law and, in particular, the Supreme Court's teaching that only a "minimal degree of creativity" is required for copyright protection. *Feist*, 499 U.S. at 345.  As then judge Ginsburg noted while sitting on the D.C. Circuit, "[i]t is not the Register's task to shape the protection threshold or ratchet it up beyond the 'minimal creative spark required by the Copyright Act and the Constitution.'" *Atari Games Corp. v. Oman*, 979 F.2d 242 (D.C. Cir. 1992) (quoting *Feist*) (holding that the Copyright Office lacked a "rational basis for finding the elements as combined and arranged in BREAKOUT 'so commonplace that [they have] come to be expected as a matter of course'").  Here, as in *Atari*, the Copyright Office "ratchet[ed] up" the threshold for copyright protection, holding American Airlines to a higher standard than that applied to other copyright registrants.

32. The Copyright Office has repeatedly and consistently registered works demonstrating levels of creativity that are, at best, equal to—and in many cases less than—the creativity demonstrated by the Flight Symbol. The following are just some examples:



33. The Copyright Office's decision to deny registration to the Flight Symbol cannot logically be reconciled with its decision to grant registration to each of the foregoing works.[2]

---

[2] *See* Letter from Copyright Office Re: Second Request for Refusal to Register Three Works Title Graphic Design (Nov. 28, 2017); *Ducks Unlimited, Inc. v. Boondux, LLC*, 2017 WL 3579215, at *17 (W.D. Tenn. Aug. 18, 2017) (affirming Copyright Office's registration of Ducks Unlimited logo); Letter from Copyright Office Re: Second Request for Refusal to Register "Gold Wood" (Oct. 25, 2017); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. .2d 1 (S.D.N.Y. 2001) (X-Men logo) (affirming Copyright Office's registration of X-Men

11

Even a cursory review shows that the Copyright Office's conclusion that the foregoing works possess the necessary creativity to constitute a work of authorship, but the Flight Symbol does not, is arbitrary or capricious.

34. The Board's explanation that the Flight Symbol merely "is comprised of basic geometric shapes" does not withstand scrutiny. As a threshold matter, a work comprised of geometric shapes "may, through original organization and presentation, be protected by copyright law." *Glasscraft Door I, L.P. v. Seybro Door & Weathership Co.*, No. CIV.A. H-08-2667, 2009 WL 3460372, at *3 (S.D. Tex. Oct. 22, 2009). Moreover, the Board itself acknowledged that, among its elements, the Flight Symbol also includes "an abstraction of a bird's head," which is not a geometric shape; rather, it is a unique image of the type for which the Copyright Office has previously granted copyright protection. *See Ducks Unlimited*, 2017 WL 3579215, at *17 (affirming Copyright Office's registration of an image of a bird's head). In view of the Copyright Office's own prior registration decisions, as well as the Supreme Court's teachings in *Feist*, the Copyright Office's decision to reject American Airlines' registration can only fairly be characterized as arbitrary and capricious.

**D.    The Copyright Office has acknowledged that it regrets its decision to deny American Airlines' registration.**

35. Interestingly, in hindsight, the Copyright Office appears to have recognized its own mistake with respect to the registration of the Flight Symbol.

36. On June 11, 2018, Defendant Karyn Temple delivered a presentation at the annual meeting of the Copyright Society of the USA ("Copyright Society") titled, "A View from the Copyright Office." The Copyright Society is a non-profit organization whose members include

---

logo); *Glasscraft Door I, L.P. v. Seybro Door & Weathership Co.*, No. CIV.A. H-08-2667, 2009 WL 3460372, at *3 (S.D. Tex. Oct. 22, 2009) (affirming Copyright Office's registration); *Titlecraft, Inc. v. Nat'l Football League*, No. CIV. 10-758 RHK/JJK, 2010 WL 5209293, at *4 (D. Minn. Dec. 20, 2010) (affirming Copyright Office's registration).

attorneys and professionals from the world's leading IP firms, authors of primary copyright law treatises, representatives of the Copyright Office, and publishers and academics.

37. As part of her presentation, Ms. Temple showed examples of works that the Copyright Office had refused to register on the basis that the works were not sufficiently creative to warrant copyright protection. For each work, Ms. Temple polled the members of the audience on whether they agreed with the Copyright Office's determination.

38. One of the designs that Ms. Temple displayed for the audience was the Flight Symbol. After projecting the Flight Symbol on a large video screen, Ms. Temple then posed the following question to the audience: "How many of you guys agree that that's not copyrightable?" Not a single audience member raised his or her hand in agreement. Acknowledging the audience's reaction, Ms. Temple then conceded: "I think the main drafter of that one actually even kind of regrets that decision."

### E. American Airlines seeks judicial review of the Copyright Office's refusal to register the Flight Symbol.

39. Where, as here, the Copyright Office has refused to register a valid copyright claim, a copyright applicant may file an action in federal district court against the Register of Copyrights petitioning the court to review and set aside the Copyright Office's action pursuant to 17 U.S.C. § 701(e) and 5 U.S.C. § 701 *et seq*.

40. Defendant Karyn A. Temple is the acting Register of Copyrights. As such, she is responsible for overseeing the Copyright Office's decision to register copyrights and has the authority to direct the registration of a copyright application.

41. The Copyright Office's action, under the supervision of Ms. Temple, in refusing to register the Flight Symbol was arbitrary, capricious and, as such, an abuse of discretion that violated American Airlines' rights under the Copyright Act.

42. American Airlines has twice petitioned the Copyright Office to reconsider its refusal to register the Flight Symbol, but to no avail. The Copyright Office's refusal to register the Flight Symbol in response to American Airlines' second request for reconsideration constituted final agency action with respect to American Airlines' registration application. *See* 37 C.F.R. § 202.5(g). At this point, American Airlines has no further avenues to seek administrative relief, and its only available recourse is to petition this Court to review and vacate the Copyright Office's refusal to register the Flight Symbol.

43. Because the Copyright Office has refused to register the Flight Symbol, until such time as the Copyright Office's decision is vacated and the Office registers the Flight Symbol, American Airlines will continue to be deprived of the benefits that are accorded to registered copyright claims—benefits to which American Airlines is entitled under the Copyright Act and applicable law.

## COUNT I – REVIEW OF FINAL AGENCY ACTION 5 U.S.C. §§ 701-706

44. American Airlines repeats and re-alleges paragraphs 1 through 43 as if fully set forth herein.

45. The Flight Symbol meets the requirements for copyright protection under federal law.

46. Pursuant to federal law, American Airlines has the right to register its copyright claim in the Flight Symbol on the federal copyright registry.

47. Defendant Temple is the agent of the United States with the official capacity to register the Flight Symbol but has failed to act in that capacity with respect to the Flight Symbol.

48. Defendant Temple's and the Copyright Office's refusal to register the Flight Symbol is contrary to law and was further arbitrary, capricious, and represented an abuse of discretion.

14

49. American Airlines has exhausted its administrative remedies with respect to the registration of the Flight Symbol.

50. Accordingly, American Airlines is entitled to a review of the Flight Symbol copyright applications and corresponding records before the Copyright Office, as well as the opportunity to present additional evidence and argumentation as to why the Flight Symbol warrants copyright protection and federal registration.

## **PRAYER FOR RELIEF**

American Airlines respectfully prays that this Court enter judgment in favor of American Airlines as follows:

1) Reverse and vacate Defendant Temple's and the Copyright Office's decision to refuse to register American Airlines' Flight Symbol;

2) Order Defendant Temple, and the officers, agents, employees, successors, and servants of Defendant Temple and the Copyright Office, to reconsider American Airlines' request to register the Flight Symbol in accordance with this Court's decision; and

3) Grant American Airlines such other relief as the Court deems appropriate and permissible.

Dated: October 12, 2018

Respectfully submitted,

/s/ *Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
Telephone: (817) 332-2500
Facsimile: (817) 878-9280
dee.kelly@kellyhart.com

- and-

James E. Brandt (*pro hac vice* pending)
Eric F. Leon (*pro hac vice* pending)
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
james.brandt@lw.com
eric.leon@lw.com

*Attorneys for Plaintiff American Airlines, Inc.*